IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL H. HUBBARD,
    Petitioner,

v.                                        Case No.  3:04cv347/RV/MD

JAMES CROSBY, JR.,
    Respondent.
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon transfer from the United States District Court for the Southern District of Florida.  (Doc. 1, Order of Transfer of 9/21/04). Petitioner commenced this action on August 5, 2004 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1, Pet.).  Respondent has filed a motion to dismiss the petition on grounds that it is moot.  (Doc. 22).  Alternatively, respondent asserts that petitioner procedurally defaulted the claim raised in his petition. (*Id.*).  Petitioner has responded in opposition to the motion. (Doc. 24).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed.

## BACKGROUND

The following facts are not in dispute.  On August 5, 1992 petitioner was convicted, pursuant to no contest pleas, of Aggravated Battery (Count 1) and

**Possession of a Firearm by a Convicted Felon (Count 2) in the Circuit Court of Okaloosa County, Florida, case number 91-1346.  (Doc. 22, App. at 7 & 11; doc. 24 at 2).¹  He was sentenced as an habitual felony offender to concurrent twelve year terms of imprisonment, (*id.*), and firearm mandatory terms were imposed on both sentences pursuant to Fla. Stat. §775.087(2) rendering petitioner ineligible for gaintime for a three-year period.  (Doc. 22, App. at 1 & 7).  Also on August 5, 1992, petitioner was convicted, pursuant to no contest pleas, of Sale of a Controlled Substance (Count 1) and Possession of a Controlled Substance (Count 2) in the same court, case number 91-1347.  (Doc. 22, App. at 7 & 11; doc. 24 at 2).  He was sentenced as an habitual felony offender to twelve years imprisonment on Count 1 and a concurrent term of ten years imprisonment on Count 2.  (*Id.*).  It was ordered that the latter sentences run concurrent with the sentences imposed in case number 91-1346.  (Doc. 22, App. at 3 & 7).**

**Petitioner conditionally satisfied the sentences in case number 91-1347 on February 12, 2000 with the application of 1,282 days of gaintime.²  However, he was not released on conditional release supervision at that time because he had not conditionally satisfied the sentences in case number 91-1346.³  The latter sentences**

---

¹The appendix to respondent's motion (doc. 22) is Bates stamped.  All references to particular pages within the appendix are to the page numbers reflected by the Bates stamp.

²Petitioner's tentative release date was calculated as follows:

| | | |
|---|---|---|
| Date sentence began on count 1 of case number 91-1347: | | August 5, 1992 |
| Twelve year term in days: | + | 4,380 |
| Jail credit: | - | 351 |
| Additional gaintime awarded: | - | 1,342 |
| Gaintime forfeited due to disciplinary action: | + | 60 |
| Tentative release date: | | February 12, 2000 |

(Doc. 22, App. at 4).

³When concurrent sentences are imposed, the Florida Department of Corrections applies credit awarded in each individual case and then establishes an overall tentative release date based on the term that expires last.  Petitioner's conditional release was based on the sentences imposed

were conditionally completed 281 days later on November 19, 2000, with the application of 1,001 days of gaintime, and petitioner was released to conditional release supervision.[4]

On May 30, 2001 the Florida Parole Commission revoked petitioner's conditional release supervision, effective March 8, 2001. (Doc. 22, App. at 4, 8 & 11). Based upon this revocation, petitioner was returned to prison to serve that portion of his sentences he had not served prior to release.[5]

On May 9, 2003 petitioner was once again released to conditional release supervision. (Doc. 24 at 3). His conditional release was revoked later that year, and he was returned to the custody of the Florida Department of Corrections. (*Id.*). On

---

in case number 91-1346, the twelve year concurrent terms with the three year mandatory, which were the sentences to simultaneously expire last.  These sentences expired last because petitioner accumulated less gaintime due to the three year minimum mandatory.  His tentative release date was calculated as follows:

| | | |
|---|---|---|
| **Date sentence began on counts 1 and 2 of case number 91-1346:** | | **August 5, 1992** |
| **Twelve year term in days:** | **+** | **4,380** |
| **Jail credit:** | **-** | **351** |
| **Additional gaintime awarded:** | **-** | **1,121** |
| **Gaintime forfeited due to disciplinary action:** | **+** | **120** |
| **Tentative release date:** | | **November 19, 2000** |

(Doc. 22, App. at 3).

[4]Conditional release supervision is a type of post-prison supervision operated by the Florida Parole Commission.  *See* Fla. Stat. § 947.1405.  Certain inmates, including those who are sentenced as habitual offenders, are subject to conditional release supervision upon release from prison. (*Id.*). Supervision length is generally for a period of time equaling the gaintime earned before release.  *See Duncan v. Moore*, 754 So.2d 708 (Fla. 2000).  Upon revocation, the gaintime earned before release is subject to forfeiture.  *See* Fla. Stat. § 944.28(1); *Duncan*, 754 So.2d at 711.

[5]The Florida Department of Corrections forfeited all gaintime earned and/or applied before release, amounting to 1,001 days in case number 91-1346 and 1,282 days in case number 91-1347. (Doc. 22, App. at 4 & 8).  Additionally, the Department extended petitioner's maximum release date in case number 91-1347 by 281 days.  The 281 days is the time between the February 12, 2000 tentative release date on case number 91-1347 and the November 19, 2000 tentative release date on case number 91-1346.  The 281 days represents time in service of case number 91-1346 but not case number 91-1347 and does not represent time spent in service of conditional release supervision. (*Id*. at 4-5, 8, 12).

*Case No: 3:04cv347/RV/MD*

August 8, 2004 petitioner was released again to conditional release supervision. (Doc. 22, App. at 24; doc. 24 at 3).

On September 20, 2004 petitioner committed the offenses of Tampering with Evidence (Count 1) and Resisting Arrest Without Violence (Count 2). (Doc. 22, App. at 17). He was convicted of the offenses on February 15, 2005 in the Circuit Court of Broward County, Florida, case number 04-15477, and was sentenced on Count 1 to 17.7 months imprisonment in the Department of Corrections, to run concurrent with any active sentence being served. He was sentenced on Count 2 to 149 days in county jail with credit for 149 days time served. (*Id.* at 16-23).

On March 9, 2005 the Florida Parole Commission concluded that the interest of society would be best served if petitioner's conditional release was not revoked. (*Id.* at 24). It entered an order directing that petitioner "be released from custody on the matter of Conditional Release violation" and that he be "discharged from supervision." (*Id.* at 24-25). At that time, petitioner's sentences in case numbers 91-1346 and 91-1347 were completely satisfied. (*Id.*; doc. 24 at 3; doc. 24 at 11 ¶ D.3., 13). Petitioner is currently in the custody of the Department of Corrections solely on the basis of his February 15, 2005 Broward County conviction and sentence (*Id.* at 25; *see also* www.dc.state.fl.us).

## PROCEDURAL HISTORY

In 2001 petitioner filed a petition for writ of habeas corpus in the Circuit Court of Bradford County, Florida, challenging actions of the Florida Parole Commission with regard to conditional release[6] and actions of the Department of Corrections with regard to the calculation of his release date after revocation of his conditional

---

[6]Petitioner claimed: (1) that his sentences expired on November 19, 2000 and therefore his placement on conditional release supervision was improper, (2) that he was entitled to credit from the Florida Parole Commission for the 281 days he remained in incarceration between the February 12, 2000 tentative release date on case number 91-1347 and the November 19, 2000 tentative release date on case number 91-1346, and (3) that his placement on conditional release supervision violated double jeopardy and the separation of powers, and (4) that he was entitled to additional jail credit. (Doc. 22, App. at 12-13).

Case No: 3:04cv347/RV/MD

release supervision.[7]  (Doc. 22, App. at 7-13; doc. 24 at 9-11).  On January 14, 2003 the court denied the petition in separate orders as to the Commission and the Department.  (*Id.*).  Petitioner sought review of the order before the Florida First District Court of Appeal ("First DCA"); however, the appeal was dismissed on May 2, 2003 based on procedural grounds.  (Doc. 22, App. at 14-15; doc. 24 at 9-11).  Petitioner commenced this federal habeas proceeding on August 5, 2004 while incarcerated at Okeechobee Correctional Institution due to revocation of his conditional release supervision.  His petition raises one claim: that his constitutional rights were violated when he was held approximately 281 days beyond expiration of his sentences in case numbers 91-1346 and 91-1347.  (*See* doc. 1, Pet.; doc. 24).

## DISCUSSION

**Mootness**

Respondent contends the petition is moot due to satisfaction of petitioner's 12-year sentences in case numbers 91-1346 and 91-1347.  Petitioner has responded in opposition, arguing that this court should adjudicate his claim on the merits because respondent's actions in holding him beyond expiration of his sentences was wrong and because the extra days he was incarcerated cost the state taxpayers money.  He further argues that if this court grants his petition and requires the Department of Corrections to credit him the 281 "over-spent" days he served in case numbers 91-1346 and 91-1347, he will be released earlier from his present incarceration in case number 04-15477.  (Doc. 24 at 7, 13 ¶ E.2., 16, 18).

As an initial matter, the undersigned clarifies that the question before this court is not whether petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2254; rather, it is whether the satisfaction of petitioner's 12-years sentences during the pendency of this proceeding renders the petition moot because it no longer

---

[7]Petitioner claimed that the Department: (1) improperly extended his sentence in case number 91-1347 by 281 days, (2) forfeited earned gaintime when petitioner returned to prison as a conditional release violator, and (3) failed to award him credit for the period of time spent out of the Department's custody while on conditional release supervision.  (Doc. 22, App. at 7).

presents a case or controversy under Article III, § 2, of the Constitution.[8] As the Supreme Court explained in *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998):

> "Th[e] case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990). *See also Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334-35, 45 L.Ed.2d 272 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477, 110 S.Ct., at 1253.

*Id.* at 7, 118 S.Ct. at 983. In recent decades when a defendant/petitioner has challenged the validity of his conviction and been released during the pendency of his appeal or collateral attack, courts have been willing to presume that a wrongful criminal conviction has continuing collateral consequences. *Id.* at 8, 118 S.Ct. at 983; *id.* at 9-10, 118 S.Ct. at 983-84 (discussing, with regard to petitioners who challenged the propriety of their convictions, the evolution of Supreme Court jurisprudence from requiring petitioners to identify specific, concrete collateral consequences that attached to the conviction, to presuming the existence of collateral consequences); *see Sibron v. New York*, 392 U.S. 40, 55-56, 88 S.Ct. 1889, 1898-99, 20 L.Ed.2d 917 (1968) (concluding with respect to petitioners challenging the validity of their convictions that Supreme Court had "abandoned all inquiry into

---

[8]In his legal memorandum in support of dismissal, respondent mentions the "in custody" requirement of 28 U.S.C. § 2254(a). The issue here, however, is not whether petitioner has satisfied the "in custody" requirement necessary to establish federal jurisdiction under 28 U.S.C. § 2254. There is no dispute that petitioner was "in custody" on his twelve-year sentences at the time he filed this petition. The satisfaction of his sentences during the pendency of this proceeding does not defeat the jurisdiction previously established. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (Habeas petitioner's release from prison after his petition had already been filed did not cause petition to become moot, on theory that it no longer satisfied the "in custody" requirement of federal habeas statute; "in custody" requirement was satisfied as long as petitioner was incarcerated at time petition was filed); *Mallow v. Purvis*, 681 F.2d 736, 738 (11th Cir. 1982) (same) (citing *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). The question raised by this case is whether the expiration of those sentences while this case was pending renders the petition moot. *Spencer v. Kemna*, 523 U.S. at 7, 118 S.Ct. 983 (distinguishing custody requirement and mootness); *Mallow v. Purvis*, 681 F.2d at 738 & n.1 (same).

the actual existence of collateral consequences and in effect presumed that they existed.").

In the instant case, however, petitioner does not challenge the propriety of his convictions in case numbers 91-1346 and 91-1347.  Rather, he asserts only the wrongful calculation of his release date on those sentences.  The Supreme Court's decisions instruct that where the challenge is not to the conviction itself, a concrete and continuing injury should not be presumed to exist, nor should the assertion of generalized and hypothetical consequences be sufficient to avoid mootness.  Rather, the petitioner must specifically identify concrete injuries in fact-- disadvantages or disabilities that in fact occurred, were imminently threatened, or were imposed as a matter of law--attributable to the allegedly unconstitutional actions of the respondent.  *See Spencer v. Kemna*, 523 U.S. at 13-14, 118 S.Ct. at 985-86 (presumption that criminal convictions have collateral consequences could not be extended to revocations of parole, in order to satisfy Article III's injury-in-fact requirement in case in which habeas petitioner was no longer in custody and did not seek to challenge validity of his conviction but only the propriety of revocation of his parole; in such circumstances, a released-from-custody petitioner could not rely on any presumption of collateral consequences, but had to demonstrate such consequences); *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) (refusing to extend presumption of collateral consequences to the area of parole revocation); *Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (refusing to extend presumption of collateral consequences to the area of calculation of gaintime credits); *Thrasher v. Crosby,* No. 3:03cv243/LAC/EMT, 2005 WL 941022 (N.D. Fla. Mar. 15, 2005), *Report and Recommendation adopted,* 2005 WL 927394 (N.D. Fla. Apr. 19, 2005) (declining to extend presumption of collateral consequences to the area of sentence credit); *see also Beckett v. Nash,* No. 03-3717, 2003 WL 23024534 at *2 (E.D. Pa. Dec. 11, 2003) (unpublished decision) (concluding that where a petitioner only challenges the computation of his or her sentence--and nothing else--any alleged remedy can no longer be enforced once the petitioner has fully served the imposed sentence and been released from custody).

Petitioner's ultimate objective in bringing this habeas proceeding was to obtain 281 days credit on the sentences imposed in case numbers 91-1346 and 91-1347.  However, because petitioner is no longer under any form of detention arising from the twelve-year sentences in case numbers 91-1346 and 91-1347, there is no longer a case or controversy to litigate.  The court cannot offer any relief as to the 12-year sentences that have expired.  Petitioner contends in his reply that this court still can give effective habeas relief to him because giving him credit for the 281 days "over-spent" in case numbers 91-1346 and 91-1347 will enable him to be released earlier from the sentence he is now serving in case number 04-14577 since the latter sentence was ordered to run concurrently with his twelve-year sentences.  This argument is without any arguable basis in fact or law and should be rejected.  The term concurrent means only that after two or more sentences are imposed, each day served on one is also served on the other while the sentences are active.  *See* BLACK'S LAW DICTIONARY 291 (6th ed. 1990).  Petitioner provides no authority, and this court has found none, to support the proposition that concurrent sentences are interchangeable, that credit on one sentence can be transferred to another, or that a terminated sentence can be resurrected and credit on that sentence applied to an active one.

Furthermore, the additional reasons petitioner has advanced for this court to adjudicate his claim on the merits fail to establish the existence of collateral consequences to overcome the mootness issue. Every court that has considered variants of petitioner's claim has found that the case becomes moot once the petitioner is released from custody.  *See, e.g., Hernandez v. Wainwright*, 796 F.2d at 390 (holding habeas petition moot where petitioner attacked state's calculation of gaintime credits, and petitioner was no longer in custody); *Diaz v. Kinkela*, 253 F.3d 241, 243-244 (6th Cir. 2001) (holding federal habeas petition moot where petitioner challenged additional period of incarceration for "bad time," but petitioner was released from prison during pendency of proceeding after serving the additional "bad time"); *Aragon v. Shanks*, 144 F.3d 690, 692 (10th Cir. 1998) (holding federal habeas petition moot where petitioner challenged state's application of good time

credits, but petitioner had completed term of incarceration and a favorable decision would not reduce his probationary period); *Beckett v. Nash*, 2003 WL 23024534 at *2 (holding federal habeas petition moot where petitioner claimed federal authorities violated his constitutional rights by extending his sentence approximately 100 days as a result of miscalculating good time credits provided for by statute, but petitioner had been released during pendency of proceeding); *Wharton v. Hood*, 2001 WL 1664465, at *1 (9th Cir. 2001) (unpublished opinion) (holding habeas petition moot where petitioner challenged computation of good time credits, and petitioner had been released from custody); *Graham v. Duckworth*, 175 F.3d 1019, 1999 WL 147109, at *1 (7th Cir. 1999) (unpublished opinion) (same); *see also Thrasher v. Crosby*, 2005 WL 941022 (holding habeas petition involving challenge to sentence credit moot where petitioner's sentence expired during the pendency of the habeas proceeding); *United States v. Goss*, 96 Fed. Appx. 365 (6th Cir. 2004) (unpublished decision) (defendant's objections to sentencing calculation were moot once he had served his sentence of six months of incarceration and four months of house arrest).

      As a final matter, petitioner argues that his habeas petition is not moot because his situation has proven capable of repetition yet evading review in that on the three separate occasions he was released to conditional release supervision he was subjected to the miscalculation. (Doc. 24 at 14-15). A case is capable of repetition yet evading review if (1) the challenged action is too short in duration to be fully litigated prior to its expiration, and (2) there is a reasonable expectation or demonstrated probability that the same complaining party would be subjected to the same action again. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Petitioner does not meet the first element of this test. Moreover, assuming, without deciding, that the time between petitioner's initial release on conditional release supervision and the expiration of his sentences was too short in which to fully litigate his challenge, he cannot satisfy the second prong. The facts in this case do not present a situation where petitioner could reasonably expect to be subjected to the same type of miscalculation again since his sentences

have expired and he has been discharged from conditional release supervision. Based on the foregoing, the court should dismiss this petition as moot.

Procedural Default

Alternatively, the petition should be dismissed on grounds of procedural default. Title 28 U.S.C. § 2254(b)(1) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(c) provides that: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). "A complete round of the state appellate process includes discretionary appellate review 'when that review is part of the ordinary appellate review procedure in the State.'" *Dill v. Holt*, 371 F.3d 1301, 1301 (11th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. at 847, 119 S.Ct. at 1733).

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734. This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground

Case 3:04-cv-00347-RV-MD   Document 29   Filed 12/05/05   Page 11 of 12

Page 11 of 12

of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991).  However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

Turning to the instant case, in Florida judicial review of agency action by the Department of Corrections involving gaintime credits and calculation of a release date is available by petition for extraordinary relief in the circuit court. *See Williams v. Moore*, 752 So.2d 574, 575 (Fla. 2000); *Harvard v. Singletary*, 733 So.2d 1020, 1021-22 (Fla. 1999). Review of the circuit court's decision is available by petition for a writ of certiorari in the district court of appeal. *See Sheley v. Florida Parole Commission*, 720 So.2d 216 (Fla. 1998); *see also* FLA.R.APP.P. 9.030(b)(2); FLA.R.APP.P. 9.100.  The record in this case demonstrates that although petitioner attempted to invoke one complete round of Florida's collateral review process by seeking review of the circuit court's decision in the First DCA, his appeal was dismissed on May 2, 2003 pursuant to FLA.R.APP.P. 9.410 because petitioner failed to comply with the Florida Rules of Appellate Procedure and failed to respond to an order requiring him to either show cause why his notice of appeal should not be treated as invoking the court's certiorari jurisdiction or file a petition for writ of certiorari. (Doc. 22, App. at 14-15); *see also* FLA.R.APP.P. 9.410.  The First DCA's decision was based on state

law grounds that are independent of federal law and adequate to support the judgment. Petitioner's procedural default bars federal habeas review.

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. In the instant case, petitioner has made none of the requisite showings to excuse his default. Therefore, he is not entitled to federal habeas review of his claim.

Accordingly, it is respectfully RECOMMENDED that the petition for writ of habeas corpus (doc. 1, Pet.) be DISMISSED and the clerk be directed to close the file.

At Pensacola, Florida this 5th day of December, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:04cv347/RV/MD*